# Exhibit A



**Notice of Service of Process**

null / ALL
**Transmittal Number: 32821568**
**Date Processed: 12/03/2025**

| | |
|---|---|
| **Primary Contact:** | Tracy Adair<br>AMERICAN AIRLINES, INC.<br>1 Skyview Dr<br>Md 8B503<br>Fort Worth, TX 76155-1801 |

| | |
|---|---|
| **Entity:** | American Airlines, Inc.<br>Entity ID Number  4333094 |
| **Entity Served:** | American Airlines, Inc. |
| **Title of Action:** | Karen Johnson-Young vs. American Airlines, Inc. |
| **Matter Name/ID:** | Karen Johnson-Young vs. American Airlines, Inc. (18283951) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Superior Court, DC |
| **Case/Reference No:** | 2025-CAB-007824 |
| **Jurisdiction Served:** | District Of Columbia |
| **Date Served on CSC:** | 12/03/2025 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | The Law Office Of Stevaughn J. Bush, Esq.<br>202-810-5506 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Karen Johnson–Young 1609 Rockhold Rd. Edgewater. MD 21037
_____
. Plaintiff

vs.

Case Number    2025-CAB-007824

American Airlines, Inc., 1 Skyview Drive Fort Worth. TX 76155
_____
Defendant

**SUMMONS**

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Stevaughn Bush**
_____
Name of Plaintiff's Attorney

**600 Maryland Ave SW Ste. 800E**
_____
Address
Washington DC 20024

**202-810-5506**
_____
Telephone

*Clerk of the Court*

By _____
Deputy Clerk

Date        November 28, 2025

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요.    ያስፈልጎት ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

      IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

      If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                         Super. Ct. Civ. R. 4





## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
#### Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Karen Johnson-Young 1609 Rockhold Rd, Edgewater, MD 21037
_____
                                    Demandante

                    contra

                                                            Número de Caso: _____

American Airlines, Inc., 1 Skyview Drive Fort Worth, TX 76155
_____
                                    Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Stevaughn Bush
_____              _SECRETARIO DEL TRIBUNAL_
Nombre del abogado del Demandante

600 Maryland Ave SW Ste. 800E
_____              Por: _____
Dirección                                                    Subsecretario
Washington DC 20024

202-810-5506
_____              Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을원하시면(202) 879-4828로전화해주십시오       የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                    Super. Ct. Civ. R. 4

eFiled
11/25/2025
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Karen Johnson-Young
1609 Rockhold Rd,
Edgewater, MD 21037

Plaintiff,

v.                                          Case #  2025-CAB-007824

                                            **Jury Demand**

American Airlines, Inc.
1 Skyview Drive
Fort Worth, TX 76155

Defendant

&

Jane Doe
Defendant

\*                             \*                                    \*

### VERIFIED COMPLAINT

Plaintiff, through counsel, Stevaughn Bush, hereby files this Verified Complaint. In support hereof, Plaintiff states:

### I.    PARTIES

1. Plaintiff is an individual residing in the state of Maryland.

2. Defendant airline is a commercial air carrier doing business in the District of Columbia.

3. Defendant flight attendant is an employee of Defendant airline.

### II.    JURISDICTION

3. Jurisdiction is proper under D.C. Code § 11-921 because this Court has general jurisdiction over civil matters arising in the District of Columbia.

4. Venue is proper in this Court pursuant to D.C. Code § 13-423 because Defendant conducts regular business in the District of Columbia.

### III. FACTUAL BACKGROUND

1

5. This case concerns Defendant airline's flight # 2023 originating at DCA airport.

6. At all relevant times, Defendant flight attendant was acting within the scope of employment for Defendant.

7. On or about October 22, 2025, Plaintiff was a fare-paying passenger on Defendant airline's flight #2023.

8. During beverage service, Defendant flight attendant served Plaintiff a cup of hot water for tea.

9. The water provided to Plaintiff was excessively hot—at a temperature unsafe for consumption and capable of causing severe burns.

10. Defendant flight attendant served the water incompetently such that it spilled onto Plaintiff's thigh, scalding her and causing immediate severe pain.

11. Plaintiff sustained second-degree burns requiring medical treatment, wound care, and significant recovery time.

12. Prior to the incident, Plaintiff was scheduled to undergo a hip replacement surgery on November 26, 2025.

13. Due to the burn injuries, there were complications with Plaintiff's planned hip surgery and treatment.

14. As a result, Plaintiff is suffering worsening hip pain, prolonged disability, extended recovery timelines, and additional medical costs.

15. Plaintiff has incurred and will continue to incur damages including medical expenses, pain and suffering, loss of enjoyment of life, lost income or earning capacity, and emotional distress.

16. Defendant airline is also liable for the flight attendant's negligence because the attendant was acting within the scope of employment during beverage service and because of its own negligent policies regarding food and beverage, hiring, training, and supervision policies.

## COUNT I — NEGLIGENCE (as to both Defendants)

17. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

2

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Karen Johnson-Young
1609 Rockhold Rd,
Edgewater, MD 21037

Plaintiff,

v.

American Airlines, Inc.
1 Skyview Drive
Fort Worth, TX 76155

Defendant

&

Jane Doe
Defendant

\*                                    \*                                    \*

Case # 2025-CAB-007824

**Jury Demand**

From: Plaintiff

To: Def. American Airlines

<u>DEFINITIONS</u>

1. "You" or "your" means the above-titled Defendants, together with its agents, attorneys, accountants, representatives, or other persons acting, purporting to act, or held out as acting, on its behalf.

2. (a) **"Identify"** or **"identity,"** when used with reference to a natural person, means to state his or her full name, present or last known address and telephone number, and present or last known business address.

   (b) **"Identify"** or **"identity,"** when used with reference to any other entity, means to state its full name, the address of its principal place of business, and the names of its principals.

   (c) **"Identify" or "identity,"** when used with reference to a document, means to state the name or title of the document, the type of document (*e.g.,* letter, memorandum, telegram, chart, *etc.*), its date, its author, the person(s) to whom it was addressed, the person(s) to whom it was sent, its present location, and

1

its present custodian. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it and explain the circumstances surrounding, and the authorization for, such disposition, and state the date or approximate date thereof.

(d) **"Identify" or "identity,"** when used with reference to any non-written communication, means to state the identity of the natural person(s) making and receiving the communication, their respective principals or employers at the time of the communication, the date, manner and place of the communication, and the substance of the communication.

(e) **"Document"** or **"Documents"** means, without limitation, the following items, whether printed or recorded or reproduced mechanically or by computer or photographic process, or written or produced by hand: agreements, communications, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, diaries, graphs, computer printouts, statistical or other data, notebooks, plans, drawings, sketches, maps, opinions or reports of consultants, photographs, slides, microfilm, microfiche, motion picture film, materials that can be retrieved/printed from or by computer, brochures, pamphlets, advertisements, circulars, press releases, newspapers, magazines, trade journals, drafts, letters, appointment books, calendars, desk pads, logs, minutes of meetings, invoices, entries in books of account, any marginal comments or notes appearing on any documents and all other writings of whatever type or nature. Production of the original of each such document, and not reproductions made for purposes of responding to this request, is required. The term "document" also includes a writing, drawing, graph, chart, photograph, recording, other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably useable form, and electronically stored information, including but not limited to:
1. correspondence,
2. drafts,
3. changes not saved,
4. created not saved,
5. instant messages-sent and received,
6. e-mails,
7. e-mail attachments,
8. metadata associated with specific data files,

2

9. Internet Service Provider (ISP) e-mails, i.e., Gmail, Yahoo mail, Hot Mail, AOL, etc.
10. social network pages or entries, e.g. Facebook, MySpace, Twitter, etc.
11. voice mail messages/deleted voice messages
12. folder names/file directory,
13. master file table,
14. images-including all website images visited,
15. all website visiting activities – including elapsed time while viewing each site,
16. spreadsheets,
17. draft spreadsheets,
18. database files,
19. financial records including tax and accounting information,
20. facsimiles sent and received,
21. file access history from company servers and/or Internet, contact lists,
22. Outlook calendar appointments,
23. PDA synchronized data,
24. credit card numbers/online credit card transactions,
25. history of Internet searches by search criteria, blogs, company records,
26. inventory of all external hardware devices connected to computer, i.e., external media devices, back-up systems etc., and inventory of all software applications installed on the computer, deleted data files, and other data compilation from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

(f) **"Or"** is used in the inclusive sense. In other words, the word "or" may be read as "and/or." **"Any"** and **"every"** are also used in the inclusive sense. That is, "any" may be read as "any and all" and "every" may be read as "every and all."

**Instructions:**

A. This Request is intended to cover all documents in the possession, custody or control of Defendant, her employees, agents, representatives, attorneys, investigators and consultants.

B. If any document responsive to this request is not produced due to a claim of privilege to a part or parts of the document (including a claim that all or a portion of the document constitutes work product), describe each such document and the factual basis for the claim of privilege. Documents shall be deemed to have been adequately listed and described for the purpose of this instruction when the

3

following information has been provided:

1.  The place, approximate date and manner of preparation of the document;
2.  The name of each person who participated in the preparation of the document;
3.  The name and corporate position, if any, of each person other than attorneys representing you to whom the content of the document has been communicated in the past whether by copy, exhibition, reading or substantial summarization;
4.  The nature of the document and a brief description of its subject matter; and
5.  Each addressee, recipient or possessor of the document.

C.  To the extent any request is objected to on grounds other than privilege, set forth the factual and legal basis for the objection.  If you object in part to any request, produce all documents responsive to the remainder of that request.

D.  Where a complete production in response to a particular request is not possible, the production should be made to the extent possible and the response should indicate why only partial production could be made.

E.  If any requested document or other thing was, but is no longer, in your possession or subject to your custody and control, identify as specifically as possible the document or other thing, and state what disposition was made of it.

F.  This Request is continuing in nature.  Any documents which are secured or discovered after your initial response and document production which otherwise would have been included in that response and production had such documents been previously known or available shall be supplied by supplemental response and production.

G.  Pursuant to Civil Rule 34(b), you are requested to file within thirty (30) days a written response to each request.

H.  In accordance with Civil Rule 34 (b), "for each item or category, [your] response must either state that inspect and related activities will be permitted as requested, or state with specificity the grounds for objecting to the request including the reasons."

I.  In accordance with Civil Rule 34(b)(E)(i), the documents shall be produced "as they are kept in the usual course of business," or you "shall organize and label them to correspond with the categories in the request."

J.  These requests are continuing in character so as to require you to promptly amend

4

or supplement your response if you obtain further material information.

K.    If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

L.    An objection must state whether any responsive materials are being withheld on the basis of the objection. An objection to part of a request must specify the part and permit inspection of the rest. Rule 34(c).

## REQUEST FOR PRODUCTION

1.    All media files, including photographs, videos, body-worn camera footage, cabin cameras, and passenger-recorded videos in Defendant's possession related to the Incident subject to this lawsuit.

2.    All communications referencing the Incident subject to this suit, including emails, texts, memos, chat logs.

3.    Full logs, including flight, cabin, safety logs for the subject flight.

4.    All records regarding the hot-water heating/cooling equipment used on the subject aircraft, including maintenance logs, temperature guidelines, and testing records.

5.    All policies, procedures, manuals, and training materials relating to beverage service.

6.    All documents showing temperature measurements of hot water on the subject flight.

7.    All Defendant airline's reports regarding food and beverage service for five (5) years preceding the Incident subject to this suit, including audits, safety reviews, or inspections.

8.    All communications showing pilot messages to the staff and passengers for the duration of the time of the flight subject to this lawsuit.

9.    The Minimum Equipment List for the subject aircraft during the flight in question.

10. All Defendant flight attendant's training records, including certifications relating to beverage service, handling hot liquids, passenger safety, and safety protocols.

11. All Defendant flight attendant's records in connection with performance evaluations, including performance reviews in connection with beverage service, handling hot liquids,

12. All documents describing Defendant airline's procedures for supervising flight

attendants, including monitoring and evaluation regarding safe food and beverage service.

13. All Defendant airline's reports concerning hot beverage risks to passengers, including internal analyses, risk assessments, or safety studies.

14. All reports submitted to government agencies (FAA, NTSB, EASA, etc.) regarding hot beverage injuries for the preceding five (5) years.

15. All insurance policies that may provide coverage for Plaintiff's claims, including declarations pages.

16. All communications Defendant airline has had with Plaintiff regarding the Incident or Plaintiff's injuries.

17. All documents Defendant intends to use to support any defense claiming Plaintiff's alleged comparative fault or pre-existing medical condition.

18. All documentation pertaining to any expert witness which may be retained by Defendant airline.

19. All reports, including incident reports, safety reports, irregularity reports, or IRROPs generated as a result of the Incident subject to this lawsuit.


          Respectfully submitted,

               /s/ Stevaughn J. Bush Stevaughn J. Bush
               The Law Office of Stevaughn J. Bush, Esq.
               600 Maryland Avenue SW Ste. 800E Washington, D.C. 20024
               DC Bar # 1673140
               www.sjbadvocacy.com
               202-810-5506
               Stevaughn@sjbadvocacy.com


               Counsel for Plaintiff

               11/29/25

               CERTIFICATE OF SERVICE

I, Stevaughn Bush, hereby certify that on 11/29/25, I sent via first class mail the foregoing to:

American Airlines, Inc.

1 Skyview Drive

Fort Worth, TX 76155

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Karen Johnson-Young
1609 Rockhold Rd,
Edgewater, MD 21037

Plaintiff,

v.                                                    Case #  2025-CAB-007824

**Jury Demand**

American Airlines, Inc.
1 Skyview Drive
Fort Worth, TX 76155

Defendant

&

Jane Doe
Defendant

\*                                    \*                                    \*

From: Plaintiff

To: Def. American Airlines

### DEFINITIONS

These interrogatories are addressed to each of the above-named Defendants and calls for individual responses from each Defendant. For the purpose of these Interrogatories, the following definitions will apply.

1. "Person" means a natural person, a group of natural persons acting as individuals, a group of natural persons acting in a collegial capacity (e.g., as a committee or board of directors), a corporation, partnership, proprietorship, joint venture, firm, association, government or government agency and/or any other business, government, or social entity, and any employee or agent thereof.

2. "Communicate/Communication" means any meeting, statement, conversation, transmittal of information or request for information, whether written, oral, or by other means.

3. "Document" means the original or copies of any written, typed, printed, photocopied, electronic format, photographic or tape recorded matter of any kind in youpossession or known by you to exist, including, but not limited to, letters, envelopes, forms, affi-davits,

1

correspondence, telegrams, paper communications, signed statements, tabulations, charts, memoranda, checks, appointment books, records, proposals, memoranda or transcriptions by a mechanical device, by longhand or shorthand recording, tape recorded or by any means, computer printouts, computer software, computer programs, electronic files and e-mails, Facebook, Instagram, Whatsapp, text message, SMS message, social media messages or posts, intra-office communications, inter-office communications, recordings, transcripts and all summaries of oral communications, telephonic or otherwise, microfilm, lists, bulletins, calendars, circulars, desk pads, opinions, ledgers, minutes, agreements, journals, diaries, napkins, invoices, balance sheets, telephone messages or other messages, magazines, pamphlets, articles, notices, newspapers, studies, summaries, work sheets, telexes, cables, and all other graphic materials, writings and instruments, however produced or reproduced, and whether a draft or final version.

4. "Identify" means --

(a) With respect to a natural person: his full name, his present or last known residence address, his present or last known job title and responsibilities, the address of his present or last known employer, his job title and responsibilities at the time in question, and the address of his employer at that time;

(b) With respect to a corporation: its full name, its state of incorporation, its place of business, and the identity of the person in such organization who is believed to have the most extensive knowledge of the matters in question;

(c) With respect to a partnership: all of the information requested in the immediately preceding subpart, with exception of state of incorporation, and the addition of the names of each partner;

(d) With respect to a person other than a natural person, corporation or partnership, its official name, its organization form, and its address, and the identity of the person in such organization who is believed to have the most extensive knowledge of the matter in question;

(e) With respect to a document: (a) the nature of the document, the substance of its contents, its date and place of preparation, its author and recipients, serial or file number, and the identity of its present location and custodian, or (b) in lieu thereof, production of the document;

(f) With respect to a communication: the substance and content of the communication, the manner of the communication, the date of and parties to the communication, where it took place, its substance, and the identification of all documents that relate to the

2

communication.

5. "Relating" or "concerning" means pertaining, constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, mentioning, referencing or referring to in any way.

6. "Describe" means, in the case of an act, transaction, relationship, thing or occurrence:

(a) A detailed description, including substance and content, identification of dates, places, persons involved, and means employed;

(b) Identification of your sources of information concerning such act, transaction, thing or occurrence, including the date you received such information;

(c) Identification of each person having knowledge of such act, transaction, thing, or occurrence; and

(d) Identification of each communication and each document relating to such act, transaction, thing, or occurrence.

7. "State the basis" means to identify each fact relating to the topic at issue, each document and communication relating to such topic, each person having knowledge of such topic, and each source of information relating to the topic.

8. "And" includes "or" and vice versa; the singular form includes the plural and vice versa; the masculine includes the feminine and vice versa; the past tense of verbs includes the present tense and vice versa.

9. "Including" means including, without limitation.

10. The "Defendant," "You," and "Your" refers to each of the parties receiving these Interrogatories and the individual party's agents, servants, employees, representatives and all other persons acting on behalf of the particular Defendant.

## INSTRUCTIONS

1. In answering these Interrogatories, furnish all information/documents in your possession or available to you. Because the obligation to provide the information requested herein is continuing, you should supplement your responses hereto as you obtain additional

3

information, in accordance with the applicable rules of this Court.

2. Each Interrogatory and Interrogatory subpart should be accorded a separate

answer. The source of each answer should be separately set forth and identified, unless the person

signing the answer hereto under oath has personal knowledge of the facts or information forming the basis of all answers given.

3. If you contend that information sought or encompassed within these

interrogatories is privileged or otherwise shielded from discovery by any applicable legal doctrine, identify the information and state specifically with respect to such information the basis for your claim of privilege.

4. If, in responding to any of these interrogatories, you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the interrogatory.

## **INTERROGATORIES**

1.   State in detail the Defendant airline's account of the Incident subject to this suit, including all acts or omissions by the Defendant Flight Attendant and any other crew members.

2.   Describe any temperature-control procedures for hot water served on board the subject flight.

3.   Identify prior complaints, reports, or incidents involving hot beverage spills occurring any of Defendant's flights in the five (5) years prior to the Incident subject to this suit.

4.   For each response to Interrogatory #3, please describe the nature of the investigation which took place, including any corrective action.

5.   Identify the Defendant flight attendant, known in this lawsuit as "Jane Doe", including name and current address.

6.   Identify all training programs provided to the Defendant Flight Attendant relating to handling and serving hot beverages, including dates, course titles, and instructors.

7.   Describe the airline's policies and procedures for serving hot beverages to passengers, including any requirements as to cup type, lids, handling, pouring distances, carrying, turbulence precautions, or passenger-warning protocols.

4

8. Identify all persons responsible for supervising, evaluating, or training the Defendant Flight Attendant in beverage service tasks at the time of the Incident subject to this suit.

9. Describe Defendant airline's procedures for evaluating flight attendants' competency in safely serving food and beverages, including performance reviews, check rides, or safety audits.

10. Describe the circumstances of the Defendant flight attendant's hire, including the date of hire, prior experience, and qualifications relevant to food/beverage service and passenger safety at the time of hiring.

11. Identify any issues regarding the Defendant flight attendant's performance in the last 5 years, including prior safety violations, passenger complaints, or disciplinary actions before the Incident subject to this suit.

12. For each response to Interrogatory #11, please describe the nature of the investigation which took place, including any corrective action.

13. Identify all insurance policies applicable to the Incident giving rise to the claims subject to this suit, including policy number, nature of coverage, and coverage limits.

14. Identify any expert witness which may be retained by Defendant airline regarding this matter, including the area of expertise, previous qualifications, and brief description of testimony to be given.

Respectfully submitted,

/s/ Stevaughn J. Bush
Stevaughn J. Bush
The Law Office of Stevaughn J. Bush, Esq.
600 Maryland Avenue SW Ste. 800E
Washington, D.C. 20024
DC Bar # 1673140
www.sjbadvocacy.com
202-810-5506
Stevaughn@sjbadvocacy.com

*Counsel for Plaintiff*

11/29/25

### CERTIFICATE OF SERVICE

I, Stevaughn Bush, hereby certify that on 11/29/25, I sent via first class mail the foregoing to:

American Airlines, Inc.
1 Skyview Drive
Fort Worth, TX 76155

18. Defendants owed Plaintiff a duty of reasonable care as a common carrier and flight attendant, which includes heightened responsibility for passenger safety.

19. The Defendant airline also had a duty to hire competent and qualified employees capable of safely serving beverages.

20. Defendant airline breached this duty by:
   a. Permitting service of excessively hot, unsafe beverages;
   b. Failing to maintain policies ensuring hot liquids are properly served and at safe temperatures;
   c. Failing to train employees on safe beverage-service procedures;
   d. Failing to maintain policies to properly warn passengers of relevant danger;
   e. Failing to properly screen potential employees for competence when hiring;
   f. Failing to properly supervise its employees

21. Defendant flight attendant breached this duty on Flight #2023 by:

   a. Failing to exercise ordinary and reasonable care under the circumstances;
   a. Unsafely handling and serving the excessively hot beverage;
   b. Failing to conduct proper checks to account for cabin movement;
   c. Failing to properly warn of excessive heat.

22. Defendant airline knew or should have known that its inadequate policies, trainings, and supervision of flight attendants created a foreseeable risk of serious harm to passengers.

23. Likewise, Defendant flight attendant knew or should have known that incompetent handling/service excessively hot beverages created a foreseeable risk of serious harm to passengers.

24. Defendants' breaches were the direct and proximate cause of Plaintiff's burns and the harm the Plaintiff suffered.

25. As a direct result, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $2,000,000, and further seeks punitive damages, and pre-judgment and post-judgment interest.

## COUNT II — NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (NIED)(as to both Defendants)

26. Plaintiff incorporates paragraphs 1–25.

27. The physical injuries inflicted upon Plaintiff created an immediate, severe physical

3

29. Defendants' breaches were the direct and proximate cause of Plaintiff's burns and the harm the Plaintiff suffered.

30. As a direct result, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $2,000,000, and further seek punitive damages, and pre-judgment and post-judgment interest.

**WHEREFORE** Plaintiff respectfully requests that this Honorable Court enter judgment in Plaintiff's favor and award

a. Compensatory damages in an amount to be determined at trial but not less than $2,000,000;
b. Damages for pain and suffering, emotional distress, and loss of enjoyment of life;
c. Past and future medical expenses;
d. Lost wages or diminished earning capacity;
e. Punitive damages where permitted;
f. Pre- and post-judgment interest;
g. Costs and any other relief the Court deems just and proper.

## VERIFICATION

Plaintiff, being duly sworn, does hereby state solemnly affirm under the penalties of perjury that the contents of this document are true to the best of my knowledge, information, and belief.

Karen Johnson-Young

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Stevaughn J. Bush
Stevaughn J. Bush
Bar # 1671340
The Law Office of Stevaughn J. Bush, Esq.
600 Maryland Ave SW Ste. 800E,
Washington D.C., 20024
stevaughn@sjbadvocacy.com
202-810-5506

*Counsel for Plaintiff*

Dated: 11/25/25



**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**

**202-879-1133 | www.dccourts.gov**

**Case Number:** 2025-CAB-007824

**Case Style:** Karen Johnson-Young v. American Airlines, Inc. et al.

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 02/27/2026 | 9:30 AM | Remote Courtroom 516 |
| **Please see attached instructions for remote participation.** | | |
| Your case is assigned to Associate Judge Donald Walker Tunnage. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb516

   Meeting ID: 129 776 4396

2) When you are ready, click "Join Meeting".
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.


**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by "##"


**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here
   https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select
   option 2.
3) For case questions, call the Civil Actions Branch Clerk's Office at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for
   instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**

የዲ.ሲ. ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘሩትን የጸሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  📞 Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.

- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".

- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.

- Witnesses: tell the judge if you want a witness to testify at your hearing.

- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.

## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 📞 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  📞 Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.

- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## Tips for the Hearing

- Join the hearing a few minutes early!

- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.

- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.

- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).

- Speak slowly and clearly so everyone hears what you are saying.

- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.

- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.

- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.

- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.

- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them

Advice".

- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.

- Witnesses: tell the judge if you want a witness to testify at your hearing.

- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

know that you are having technical issues.

## Special Tips for Video Hearings
### (Click here for more information)

- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.

- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.

- Look at the camera when you speak and avoid moving around on the video.

- Wear what you would normally wear to court.

- Sit in a well-lit room with no bright lights behind you.

- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.



The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are four remote access sites throughout the community which will operate **Monday – Friday, 8:30 am – 4:00 pm.**



**If you want to use a remote site location for your hearing**, call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station.

**If you require special accommodations such as an interpreter for your hearing**, please call 202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.

**\*You should bring the following items when you come to your scheduled site location\***

1.  Your case number and any hyperlinks provided by the Courts for your scheduled hearing.
2.  Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3.  Materials for notetaking, including pen and paper.

\*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call:  202-879-1900
Email:  <u>DCCourtsRemoteSites@dcsc.gov</u>



Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay cuatro sitios de acceso remoto que funcionarán **de Lunes a Viernes, de 8:30 am a 4:00 pm**.



**Si desea usar un sitio remoto para su audiencia**, llame al 202-879-1900 o envíe un mensaje de correo electrónico a <u>DCCourtsRemoteSites@dcsc.gov</u> al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.

**Si necesita adaptaciones especiales**, como un intérprete para la audiencia, llame al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su número de caso y todos los hipervínculos que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: 202-879-1900
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

From: The Law
J. Bush, Esq
600 Maryland Ave SW Ste 800E
Washington DC 20024

**Retail**

UNITED STATES
POSTAL SERVICE®

20005

RDC 99

U.S. POSTAGE PAID
FCM LETTER
WASHINGTON, DC 20024
NOV 29, 2025

**$9.48**

S2322Y501336-26

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9589 0710 5270 1734 9678 88

**ReadyPost®**

Document Mailer

**To:** Corp. Service Company
1156 15th St NW Ste. 605
DC 20005



UNITED STATES
POSTAL SERVICE®

93300006
6" x 9" Envelope

1PJE2150 • AIC-093
Product Code 93300006
www.usps.com
A product of the United States Postal Service ®
MADE IN THE U.S.A.

0  15645 72738  0